IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**BRENDA LEA RATLIFF,**

    Plaintiff,

  v.

                                                    CIVIL ACTION NO. 2:15-CV-64
                                                  (BAILEY)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT & RECOMMENDATION

### I. INTRODUCTION

On this day, the above styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 21]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on March 24, 2016, wherein he recommends that defendant's Motion for Summary Judgment [Doc. 14] be granted and plaintiff's Motion for Summary Judgment [Doc. 10] be denied. On April 1, 2016, plaintiff timely filed objections to the R&R [Doc. 22]. Having been fully briefed, this matter is now ripe for consideration. For the reasons set forth below, this Court adopts Magistrate Judge Trumble's R&R.

### II. BACKGROUND

On August 21, 2015, plaintiff filed her Complaint [Doc. 1] seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). By standing order of the Court, this case was referred to United States Magistrate Judge Robert W. Trumble for proposed findings of fact and a recommended disposition. Thereafter, plaintiff filed a Motion for Summary Judgment [Doc. 10] on November 12, 2015, and defendant filed a Motion for Summary Judgment [Doc. 14], on December 17, 2015. The magistrate judge filed his Report and Recommendation on March 24, 2016, concluding that the ALJ made no legal errors and substantial evidence supported the ALJ's decision [Doc. 21]. Accordingly, the R&R recommends that the ALJ's decision be affirmed, the plaintiff's Motion for Summary Judgment be denied, and the defendant's Motion for Summary Judgment be granted [Id.]. Thereafter, plaintiff timely filed her Objections [Doc. 22] on April 1, 2016. The defendant filed a reply to plaintiff's objections on April 5, 2016 [Doc. 23].

### III.  APPLICABLE LAW

A. <u>Standard of Review</u>:

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." *See* **Oripano v. Johnson**, 687 F.2d 44 (4th Cir. 1982); *citing* **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). General objections to the magistrate judge's report and recommendation, reiterating arguments already presented, lack the

specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object. *Veney v. Astrue*, 539 F.Supp.2d 841, 845 (W.D. Va. 2008); citing *United States v. Midgette*, 478 F.3d 616, 621-622 (4th Cir. 2007). Because plaintiff filed timely objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made. The remainder will be reviewed for clear error.

B. Judicial Review of an ALJ Decision:

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." *See* 42 U.S.C. § 405(g). An administrative law judge's ("ALJ") findings will be upheld if supported by substantial evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled

or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. **Meyer v. Astrue**, 662 F.3d 700, 704 (4th Cir. 2011) (citing **Craig v. Chater**, 76 F.3d 585, 589 (4th Cir. 1996)). Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979). "This Court does not find facts or try the case *de novo* when reviewing disability determinations." ***Id.***

C. <u>Five-Step Evaluation Process</u>:

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2004). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your

4

impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

[Before the fourth step, the [RFC] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]

(iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (2015); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. ***Richardson v. Califano***, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. ***Hicks v. Gardner***, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

## IV. DISCUSSION

In response to the magistrate judge's R&R, plaintiff asserts two objections. This Court will address each of those objections in turn.

A. <u>Plaintiff's Objection that the ALJ Ignored Evidence Regarding Her Fibromyalgia is Without Merit</u>:

In her first objection, plaintiff contends that, "[b]ecause the ALJ failed to address evidence [of plaintiff's fibromyalgia] that contradicted her position," her claim must be remanded for further proceedings [Doc. 22 at 1-3]. Specifically, she argues that the, "ALJ's explanation does not satisfy the criteria of 'specific reasons' called for in SSR 96-2p and the 'good reasons' called for in 20 CFR § 404.1527(d)(2)" [Id. at 2]. Defendant counters by noting that plaintiff's first objection amounts to nothing more than a regurgitation of arguments that she raised in her original brief [Doc. 23 at 1].

As noted by the magistrate judge, an ALJ must "weigh and evaluate every medical opinion in the record." **Monroe v. Comm'r of Soc. Sec.**, 2015 WL 4477712, at *7 (N.D. W.Va. July 22, 2015). When deciding what weight to give each medical opinion, "Courts typically accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the claimant and has a treatment relationship with the claimant." **Fox v. Colvin**, 2015 WL 9204287, at *5 (4th Cir. 2015). However, this "treating physician rule . . . does not require that the [treating physician's] testimony be given controlling weight." **Anderson v. Comm'r, Soc. Sec.**, 127 F. App'x. 96, 97 (4th Cir. 2005). Therefore, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." **Craig v. Chater**, 76 F.3d 585, 590 (4th Cir. 1996).

When evaluating medical opinions that are not entitled to controlling weight, the ALJ must consider the following non-exclusive list:

1. whether the physician has examined the claimant;
2. the treatment relationship between the physician and the claimant;
3. the supportability of the physician's opinion;
4. the consistency of the opinion with the record;
5. whether the physician is a specialist; and,
6. any other factor that tends to support or contradict the opinion.

20 C.F.R. § 404.1527 (2005). However, the ALJ need not explicitly "recount the details of th[e] analysis [of these factors] in the written opinion." **Fluharty v. Colvin**, 2015 WL 5476145 at *12 (S.D. W.Va. Sept. 17, 2015). Instead, an ALJ need only "give 'good reasons' in the decision for the weight ultimately allocated to medical source opinions." *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)). Additionally, "when denying an application [for benefits], 'the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." See **Fox**, 2015 WL 9204287, at *5 (citing SSR 96-2p).

Here, the ALJ clearly gave "good" and "specific" reasons why she did not give controlling weight to the medical opinions of "Dr. Swisher and the other treating sources" [Doc. 22 at 3]. In her decision, the ALJ elected to accord little weight to the opinions of three treating sources: (1) Frank D. Swisher, M.D. ("Dr. Swisher"); (2) Angela M. Mills ("Dr. Mills"); and (3) Ned A. Hess, PA-C ("PA Hess"). As to each of these differentiated opinions, plaintiff cites to the R&R and inexplicably contends that because the ALJ did not recount the factors of 20 C.F.R. § 404.1527, "[her] reasoning is not clear" [Doc. 22 at 2]. However, that argument simply does not comport with what is required of the ALJ by 20 C.F.R. § 404.1527. As noted above, an ALJ need not, "recount the details of th[e] analysis [of these

factors] in the written opinion." *Fluharty*, 2015 WL 5476145 at *12. Instead, an ALJ need only "give 'good reasons' in the decision for the weight ultimately allocated to medical source opinions." *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)). As such, plaintiff's argument on that ground fails.

Instead, this Court must examine the ALJ's points of reasoning as to why each of those treating source opinions fail. The ALJ's reasoning as to why Dr. Mills' opinion should be differentiated is illustrative of the "good reasons" that she uses throughout her decision. There, she provides that:

> [A]n opinion that the claimant is disabled or unable to do his/her past work is an opinion on an issue reserved for the Commissioner. . . It is notable that while Dr. Mills stated that there was no cure for fibromyalgia and she could not perform full-time work because of this impairment, she also stated that [Plaintiff] needed to be evaluated for disability, which would seem to indicate that she was unsure if [Plaintiff] were disabled. In any event, Dr. Mills' evaluation of [Plaintiff] does not establish objective medical signs and findings to support a determination that [Plaintiff] was disabled.

[Doc. 7-2 at 33]. The ALJ exhibits similar reasoning in distinguishing the opinions of Dr. Swisher and PA Hess [Id. at 30 and 38]. In all three situations, this Court concludes that the ALJ cites "good reasons" and was "sufficiently clear" in detailing why those medical opinions should not have been given controlling weight. *See* 20 C.F.R. § 404.1527(d)(2); *see also* SSR 96-2p. As such, plaintiff's first portion of her first objection fails.

Plaintiff also complains that, "the ALJ does explain why range of motion limitations is the lynchpin for whether Dr. Swisher's opinion is consistent with the record," and that, in so doing, she "substituted her medical judgment for those of Ms. Ratliff's treating sources, specifically Dr. Swisher." [Doc. 22 at 3]. In analyzing a given piece of evidence, "an ALJ is not obligated to comment on every piece of evidence presented." *McIntire v. Colvin*,

8

2015 WL 401007 at *5 (N.D. W.Va. Jan. 28, 2015). Instead, "the ALJ must provide a minimal level of analysis that enables [a] reviewing court[] to track the ALJ's reasoning." *Id.* However, as noted in the R&R, a review of plaintiff's medical history reveals that the ALJ's statement, declaring that plaintiff's "extremity range of motion has generally been normal," is supported by substantial evidence. [Doc. 7-2 at 29]. Moreover, the ALJ merely emphasized that the plaintiff's range of motion has been generally normal as one portion of differentiating Dr. Swisher's opinion. It is not, as plaintiff suggests, a "lynchpin" of her rationale. Consequently, the ALJ's assignment of "little weight" to the opinion of Dr. Swisher is supported by substantial evidence. Accordingly, the second portion of plaintiff's first objection fails.

B. <u>Plaintiff's Objection Regarding Her Limitation to Simple, Routine, and Repetitive Tasks is Also Without Merit</u>:

In her second objection, plaintiff contends that, "[b]ecause the Fourth Circuit holds that concentration problems are not accounted for with a limitation to simple, routine, repetitive tasks, then this Court must remand this claim as the ALJ found moderate concentration problems and then limited Ms. Ratliff to simple, routine tasks as a result of such moderate concentration problems" [Doc. 22 at 3]. In support of that argument, plaintiff argues that, "[t]he Fourth Circuit indicates that a claimant's concentration problems are not accounted for by a limitation to simple, routine, repetitive work" [Id.; citing **Mascio v. Colvin**, 780 F.3d 632, 638 (4th Cir. 2015)]. However, plaintiff's reliance upon **Mascio** is misplaced. This Court has previously clarified the holding in that case thusly:

> "In **Mascio**, the Fourth Circuit was concerned that the ALJ did not explain why Mascio's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in Mascio's residual functional

> capacity. The Fourth Circuit noted, however, that the ALJ may find that the concentration, persistence, or pace limitation would not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. In *Mascio,* however, the ALJ gave no explanation [on that issue] whatsoever."

*Hutton v. Colvin*, 2015 WL 3757204 at *3 (N.D. W.Va. June 16, 2015) (*citing* 780 F.3d at 638). Contrary to plaintiff's suggestions that *Mascio* and the portions of *Hutton*, "fit squarely into the exact issue at hand," neither of those cases parallel this matter.

Here, while the ALJ did note in her opinion that plaintiff had "moderate difficulties" with concentration, persistence, and pace at step three of the sequential evaluation process, and then limited plaintiff's RFC to "simple, routine and repetitive instructions and tasks" at step four, she cited specific reasons for that opinion. For example, the ALJ noted that while, "[t]he [plaintiff] testified at the hearing that she had difficulty with her focus, and stated that she was easily distracted. However, [she also] reported that she spent a couple of hours daily on the computer, checking email, playing games, and looking at Facebook" [Doc. 7-2 at 25]. The ALJ also noted that a consultive mental examiner, Morgan D. Morgan, M.A., determined that plaintiff exhibited persistence that was "deemed to be moderately deficient, based upon her presentation," and pace that was, "mildly deficient, based upon her personal tempo" [Id., citing Doc. 7-8 at 46-47]. The ALJ then cited to a portion of the record where three other consultive examiners determined that, while plaintiff self-reported that she had difficulty with focus and concentration, her cognitive functioning and concentration were above average and average, respectively [Id. at 25-26, citing Doc. 7-8 at 82-83 and Doc. 7-10 at 15-27]. Accordingly, the ALJ provided substantial evidence in her opinion that the plaintiff's RFC was limited to performing "simple, routine and

repetitive instructions and tasks." Unlike the ALJ in *Mascio*, the ALJ here provided substantial reasoning and analysis in forming her conclusion as to plaintiff's RFC. Plaintiff's second objection is also denied.

## V. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, plaintiff's Objections **[Doc. 22]** are **OVERRULED**. Thus, plaintiff's Motion for Summary Judgment **[Doc. 10]** is **DENIED**, and defendant's Motion for Summary Judgment **[Doc. 14]** is **GRANTED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April 15, 2016

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE